CANTLEY *VS* HOPKINS.

1. A declaration against one, as the maker of a promissory note, by the name of *"John"* C, &c. proceeding to set out the execution thereof, by the "defendant;" will be sustained, by the production of a note, signed by *"J."* C, &c.—there being no attempt to set out the note in *hæc verba.*

In Jefferson Circuit Court, Robert P. Hopkins declared in assumpsit, against John Cantley, as the maker of a promissory note: for that, whereas the said *defendant*, (with one Joseph Rogers,) theretofore, to wit, on the twenty-second day of October, A. D. 1831, at the County aforesaid, made their certain note, in writing, commonly called a promissory note, their own proper hand writing being to the said note subscribed; bearing date the day and year aforesaid; and then and there delivered the said note to the said plaintiff; by which said note, the *defendant*, and the said Joseph, or either of them, promised to pay, on or before the first day of March ensuing, to the said plaintiff, Robert P. Hopkins, or bearer, two hundred dollars, for value received: by means, &c.

The plea was *non-assumpsit*, and under it, the defendant, by his counsel, claimed advantage of a supposed variance in that the note produced on the trial, was signed "Joseph Rogers" and *"J. Cantley ;"* but the Court overruled the objection, and a verdict was entered for the plaintiff.

Bill of exceptions and writ of error.

*Shortridge*, for the plaintiff in error—
*Peck*, contra.

TAYLOR, J.—It is wholly unnecessary to examine the numerous authorities, which have been cited in this case, to show what constitutes a fatal variance, between the instrument produced on the trial, and the description contained in the declaration; here is no variance, whatever.

The plaintiff has declared, that he complains of "*John* Cantley," and proceeds to set out the execution of the note, by the "defendant;" the note offered in evidence, is signed "*J.* Cantley." Here, certainly is no discrepancy. There is no attempt to set out the note in *hæc verba*—had there been, the effect of such a misrecital, as "John Cantley," instead of J. Cantley, might have deserved consideration.

The judgment is affirmed.